**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

In re:

Raymond Lee Jarmon
Sarita Danielle Jarmon,
                    Debtors.

Case No. 07-50531-DHA
Chapter 7

MOTION TO REOPEN CASE AND TO ORDER
APPOINTMENT OF TRUSTEE

John P. Fitzgerald, III, the Acting United States Trustee for Region Four, by counsel,

moves this Court to reopen this case and to order the appointment of a trustee, and in support of

the Motion states:

1.      This case was filed as a voluntary chapter 7 on June 5, 2007. The debtors received

a discharge on September 12, 2007.

2.      Clara P. Swanson was appointed trustee.  Swanson filed a Trustee's Report of

No Distribution on July 9, 2007; the case was closed September 17, 2007.

3.      Wells Fargo recently informed the former trustee that the debtors are entitled to a

refund of $5,711.99, reflecting the amount paid to Wells Fargo Auto for unnecessary "collateral

protection insurance," on a 2004 Chrysler Pacifica in connection with a loan Wells Fargo

apparently made before the bankruptcy was filed.

4.      The debtors did not list a refund or cause of action related to Wells Fargo Auto

Collateral Protection Insurance as an asset in their bankruptcy case.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Office of the U.S. Trustee
200 Granby Street, Room 625
Norfolk, VA  23510
(757) 441-6012

5.      Schedule D indicates that "Wffinancial" has a claim for a "Motor Vehicle

Finances – 2004 Chrysler."   Case 07-50531-DHA, Doc 1, page 20 of 56.[1]

6.      The United States Bankruptcy Court for the Western District of Virginia offered a

summary of the law delineating what constitutes property of the estate:

> Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "The question of what constitutes property of the estate is a question of federal law." *Terry v. Evans* (*In re Evans*), 527 B.R. 228, 234 (Bankr. E.D. Va. 2015). "It includes both real and personal property interests of the Debtor. It includes all tangible and intangible interests in property and all causes of action. It applies to all property in the Debtor's possession as well as property held by third parties. It covers property wherever located. Section 541 of the Bankruptcy Code is intended to bring 'anything of value that ... debtors have in the estate.' H.R. Rep. 95–595, at 176 (1977)." *Id.*

*In re Townside Constr., Inc.*, 582 B.R. 407, 413 (Bankr. W.D. Va. 2018)(lender liability

claims against lender with which debtors had a long pre-petition relationship were sufficiently

rooted in pre-bankruptcy past as to be estate assets).

Although it was decided under the Bankruptcy Act, *Segal v. Rochelle*, 382 U.S.

375 (1966), the "sufficiently rooted" test espoused by the *Segal* Court remains good authority for

determining what is property of the estate. *See generally* Lawrence Ponoroff, *Neither 'Twixt Nor

'Tween: Emerging Property Interests in Bankruptcy*, 61 Ariz. L. Rev. 101, 115 (2019).  In *Segal*,

the Court considered whether loss-carryback tax refunds should be included in the debtor's estate

under the precursor to section 514 of the Bankruptcy Code. The refunds were derived from

losses the debtor incurred before filing bankruptcy.  The Supreme Court held that the refunds

were properly included in the debtors' estate because they were "sufficiently rooted in the pre-

bankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered

---

[1] On September 6, 2007, the Court entered an agreed order granting Wells Fargo Financial Acceptance System Virginia, Inc. "relief from the automatic stay provisions of 11 U.S.C. § 362 as they pertain to property described as a 2004 Chrysler Pacifica, VIN 2C8GM684X4R621513."  Case 07-50531-DHA, Doc 20.

fresh start." *Segal*, 382 U.S. at 380.  *And see In re Sheikhzadeh*, 2018 WL 3197752 (Bankr. E.D.

Va. June 26, 2018)(applying the "sufficiently rooted test" to determine that legal malpractice

claims were property of the estate)(collecting cases).

7.      It appears that the Collateral Protection Insurance refund was "sufficiently rooted"

in the debtors' pre-bankruptcy past (*i.e*. the pre-petition Wells Fargo loan) to conduct to

constitute property of the estate.  It appears that the property was neither administered nor

abandoned to the debtors. *See* 11 U.S.C.A. §§ 541(a)(1), 554(c).

8.      Pursuant to Section 350(b) "a case may be reopened in the court in which such

case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C.

§ 350(b). The decision to reopen a case is within the bankruptcy court's discretion. *In re Plumlee*,

236 B.R. 606, 610 (E.D. Va. 1999).  "Courts 'have been rather liberal in permitting reopening.'"

*Id.* quoting *In re Reid*, 198 F.Supp. 689, 693 (W.D.Va.1961), *aff'd sub nom. Reid v. Richardson*,

304 F.2d 351, 355 (4th Cir.1962)(stating that "no attempt is made to lay down rigorous outer

limits" on a bankruptcy court's discretion to reopen a closed case).

9.      It would be in the best interests of creditors to reopen this case, and to order the

appointment of a trustee to investigate the property of the estate, and administer it as appropriate.

WHEREFORE the U.S. Trustee respectfully requests that this Court reopen this case,

order the appointment of a trustee herein, and for such other and further relief as the Court

deems necessary and just.

Respectfully submitted,

John P. Fitzgerald, III
Acting United States Trustee for Region Four

/s/ Cecelia Ann Weschler
Kenneth N. Whitehurst, III
Assistant U.S. Trustee

Cecelia Ann Weschler
Trial Attorney

## CERTIFICATE OF SERVICE

On November 20, 2019, service of the Motion to Reopen Case and to Order Appointment of Trustee, on all attorney Users in the case, was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09.  On November 20, 2019, I mailed a copy of Motion to Reopen Case and to Order Appointment of Trustee on the following, via regular United States mail, first class, postage prepaid:

Raymond Lee Jarmon
6995 S. Riverwood Blvd.
Unit 106
Franklin, WI 53132

Sarita Danielle Jarmon
639 Corning Ct.
Virginia Beach, VA 23451-4882

Raymond Lee Jarmon
Sarita Danielle Jarmon
99 Tidemill Lane Apt 2-B
Hampton, VA 23666

/s/ Cecelia A. Weschler

4